"This case comes before the court on plaintiffs motion, filed September 19, 1977, requesting that the court adopt, as the basis for its judgment in this case, the recommended decision of Trial Judge Philip R. Miller, filed July 22, 1977, pursuant to Rule 134(h), defendant on September 13, 1977, having withdrawn its previously filed notice of intention to except. Upon consideration thereof without oral argument, with respect to attorneys fees the court does not adopt the Trial Judge’s opinion as its holding or as a precedent, but reserves the general question of attorneys fees in tax cases for resolution in Aparacor, Inc. v. United States, No. 139-73, to be heard en banc in December, 1977. [See ante at 596.]
"On the merits of the tax question posed by the case the court adopts the Trial Judge’s findings and conclusion, but in view of the complexity of the issues discussed in the Trial Judge’s opinion, the court does not feel justified in adopting that opinion in haec verba without benefit of full adversary presentation before the court, but does agree that the applicable Treasury Regulations support the plaintiffs claim.
"it is therefore concluded and ordered that the court has jurisdiction of the case and that plaintiff is entitled to judgment for refund of taxes and interest paid. Accordingly, judgment is entered for plaintiff with the amount of recovery to be determined in further proceedings pursuant to Rule 131(c)."
On November 29, 1977 the trial judge filed a memorandum report recommending that, in accordance with the order of the court and the stipulation of the parties, judgment be entered for plaintiff for refund of taxes and assessed interest for its fiscal year ended October 31, 1968, for $147,391.48, plus statutory interest thereon. This recommendation was adopted by the court by order entered *941 December 2, 1977, and judgment was entered for plaintiff for $147,391.48, plus statutory interest thereon. The order also included ¡the following footnote.*

 Whereas the stipulation of the parties filed November 29, 1977, provides that with respect to the fiscal year ended October 31, 1967, the parties stipulate that the case may be dismissed with prejudice, that portion of plaintiffs claim was previously dismissed on allowance March 7, 1975, of plaintiffs motion to dismiss voluntarily paragraph 4 of plaintiffs petition.